**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON EUGENE ELLETT, a/k/a
Jason Owens,

    Defendant - Appellant.

No. 25-5140
(D.C. No. 4:24-CR-00193-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

A grand jury indicted Jason Eugene Ellett on one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He moved to dismiss

the indictment, arguing under *New York State Rifle & Pistol Association v. Bruen*,

597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), that § 922(g)(1)

violates the Second Amendment as applied to him.  The district court denied the

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

motion to dismiss, and Mr. Ellett pleaded guilty. The court sentenced him to a five-year term of probation.

On appeal, Mr. Ellett renews his as-applied challenge to § 922(g)(1) "for preservation purposes and potential future review." Aplt. Br. at 7. But he concedes, as he must, our precedent forecloses his challenge. *See id.*; *see also id.* at 12–14.

In *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), we held § 922(g)(1) does not violate the Second Amendment. We have since upheld *McCane*, even after *Bruen* and *Rahimi*. *See Vincent v. Bondi*, 127 F.4th 1263, 1265–66 (10th Cir. 2025), *cert. denied*, 146 S. Ct. 1768 (2026); *cf. Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 118–19 (10th Cir. 2024) (explaining neither *Bruen* nor *Rahimi* altered the Supreme Court's view that "prohibitions on the possession of firearms by felons" are "presumptively lawful") (internal quotation marks omitted).

Further, as Mr. Ellett acknowledges, *see* Aplt. Br. at 37–38, the application of § 922(g)(1) does not depend on whether the predicate felony was a violent or nonviolent offense. *See Vincent*, 127 F.4th at 1266 ("*McCane* . . . upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies," including "nonviolent offenders"); *United States v. Warner*, 131 F.4th 1137, 1148 (10th Cir. 2025) ("[E]ven after *Rahimi*, § 922(g)(1) is constitutional as applied to non-violent felons.").

At bottom, despite Mr. Ellett's insistence that *Vincent*, *Warner*, and *Polis* were "wrongly decided," Aplt. Br. at 14, and that *McCane* is no longer good law, *see id.* at 18–21, he agrees these cases are binding in our circuit. *See United States v. Lira-*

2

*Ramirez*, 951 F.3d 1258, 1260 (10th Cir. 2020) ("We must generally follow our precedents absent en banc consideration."). We affirm the district court's judgment.

Entered for the Court

Veronica S. Rossman
Circuit Judge